## THE DAUNTLESS.

### THE HERCULES.

(District Court, N. D. California, First Division. January 10, 1914.)

No. 15,234.

1. TOWAGE (§ 11*)—LIABILITY FOR LOSS OF TOW—TUGS EMPLOYED IN COMMON VENTURE.

Where the owner of two tugs employed both in the execution of a contract for towing a raft of logs, which was lost while being towed by the tugs tandem, both are equally liable, if there is any liability for the loss, although but one was directly attached to the raft.

[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 11–23; Dec. Dig. § 11.*]

2. SHIPPING (§ 209*)—PROCEEDING FOR LIMITATION OF LIABILITY—GROUNDS FOR DISMISSAL.

Where, in a proceeding for limitation of liability, it appears that there is but a single damage claimant, which is plaintiff in a pending suit against the petitioner in a state court in which the amount claimed is much less than the appraised value of the vessels offered to be surrendered, the court may properly dismiss the proceeding as to such claimant and dissolve the order restraining it from presenting its action at law.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

In Admiralty. In the matter of the petition of the Shipowners' & Merchants' Tugboat Company, as owner of the steamtugs Dauntless and Hercules, for limitation of liability. On motion for dismissal as to the Hammond Lumber Company, damage claimant. Motion granted.

Ira A. Campbell and McCutchen, Olney & Willard, all of San Francisco, Cal., for petitioner.

Denman & Arnold, of San Francisco, Cal., for claimant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOOLING, District Judge. The undisputed facts appearing thus far in this proceeding to limit liability are, briefly stated, as follows:

In August 1911, the Hammond Lumber Company (hereinafter designated "claimant") and the Shipowners' & Merchants' Tugboat Company (hereinafter designated "petitioner"), entered into a contract wherein the latter agreed, in consideration of the sum of $2,250, to tow for the former a large raft of piling and spars from Astoria to San Francisco. Pursuant to this contract, claimant delivered to petitioner in September, 1911, such raft at Flavel in the port of Astoria to be by petitioner towed to San Francisco. Petitioner, for the purpose of towing said raft out of the Columbia river and across the bar thereof, made use of two of its tugs, the Dauntless and the Hercules, in the following manner: The tug Dauntless was fastened to the raft with a long towing cable, one end of which was wound around the drum of the towing machinery on said Dauntless, and the other end of which was fastened to the raft, and the tug Hercules was fastened to the tug Dauntless with a long towing cable leading through the forward bitts of the Dauntless to the towing machine of the Hercules. The two tugs thus in tandem started to sea with the raft, but whether because of the negligence of petitioner as alleged by claimant or because of the perils of the sea, as claimed by petitioner, the line from the Dauntless to the raft parted and the raft became a total loss. Claimant in November, 1911, commenced an action against petitioner in the circuit court of the state of Oregon for Clatsop county for $71,249.90 for the loss of said raft, alleging that such loss was due to the negligence of petitioner. This action is now, and was, before the filing of the stipulation hereinafter mentioned, at issue upon the amended complaint of claimant and petitioner's answer thereto.

On February 27, 1912, petitioner filed in this court its petition for limitation of liability because of the loss of said raft, denying its liability, but praying that if such liability be found to exist it be limited to the value of the tug Dauntless, yet also offering to deliver the tug Hercules in case it be found that this tug also is liable, and praying further that all claims arising against petitioner by reason of said voyage be heard and determined in this court, and that all other proceedings be stayed. Appraisement having been duly made of the two tugs, the value of the Dauntless was fixed at $45,000, and of the Hercules at $70,000, for which values a stipulation was filed by petitioner. No person other than claimant having made any claim herein, in due time, and on July 12, 1912, an interlocutory decree of default against all persons other than claimant was duly entered. Claimant now moves the court to dismiss the petition for limitation of liability as to it, and for leave to prosecute its action in the Oregon state court, upon the grounds: (1) That there is only one claim made herein, and (2) that that claim is for much less than the appraised value of the tugs Dauntless and Hercules, and that for these reasons there is no occasion for limitation of liability, and no reason for depriving claimant of its common-law remedy of a trial by jury. Petitioner resists the motion, insisting that, as this court has rightly acquired jurisdiction of this proceeding and of claimant, it should retain it until the whole matter is

disposed of, and insisting further that in no event can the tug Hercules be held liable; that as the value of the Dauntless is only $45,000, while claimant seeks to recover $71,249.90, petitioners' liability should be limited to said sum of $45,000, and therefore this court must retain and dispose of the whole question.

The statute providing for limitation of liability is designed for the protection of the shipowner, and the object of proceedings thereunder is to afford such protection by preventing recoveries in excess of the value of the vessel and freight pending, and distributing such value in proper proportions where there are more claimants than one. Where there is but one claimant, however, and his claim is for much less than the amount to which the liability of the shipowner may properly be limited, there is neither danger of recovery above such amount, nor necessity for distribution among a number of claimants. If the tug Hercules is equally liable with the tug Dauntless for the loss of the raft in question, we have the case here of a single claimant for an amount much less than that to which petitioner's liability may in any event be limited.

[1] Both tugs being engaged in the same venture, at the time of the disaster, are equally liable, if there be liability at all, though the tug Dauntless was the only one attached directly to the raft. The Columbia, 73 Fed. 237, 19 C. C. A. 436; Thompson Towing Co. v. McGregor, 207 Fed. 212, 124 C. C. A. 479.

[2] Under the peculiar circumstances of the present proceedings, I am of the opinion that petitioners' protection does not require that this court should further restrain claimant from prosecuting its action in the state court, and that as to said claimant the proceedings should be dismissed. The same result might perhaps be attained by dissolving the restraining order in so far as it applies to claimant; but I am satisfied that as claimant has moved to dismiss, instead of for a dissolution of the restraining order, its motion should be granted.

The proceeding as to claimant is therefore dismissed. The court, however, will retain jurisdiction of the proceedings for the protection of petitioner against any other possible claims.